# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| MICHAEL CORNELIUS | § | |
| --- | --- | --- |
| | § | |
| v. | § | Civil Action No. 4:16-CV-887 |
| | § | Judge Mazzant |
| HEWLETT PACKARD ENTERPRISE COMPANY | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Hewlett Packard Enterprise Company's Motion for Summary Judgment (Dkt. #37). After reviewing the relevant pleadings and motions, the Court finds Defendant's motion should be granted in part and denied in part.

## BACKGROUND

This case involves Plaintiff Michael Cornelius's allegations that Defendant violated 42 U.S.C. § 1981 by engaging in race-based discrimination and retaliation. Plaintiff, an African-American man, worked for Defendant for approximately twenty-four years as a software engineer. On August 5, 2014, Defendant terminated Plaintiff. For the last ten years of his employment, Plaintiff reported to Martha Ramsey ("Ramsey"). On an annual basis, Defendant assigned its employees an annual performance rating based on a five-band scale. The scale included scores ranging from (1) "SE" (Significantly Exceeds Expectations); (2) "EE" (Exceeds Expectations); (3) "AE" (Achieves Expectations); (4) "PA" (Partially Achieves Expectations); (5) "DN" (Does Not Achieve Expectations). In the ten years Plaintiff reported to Ramsey, Plaintiff's 2013 PA rating marked his first rating below AE. In 2014, Defendant implemented a workforce reduction program reducing the number of employees employed by Defendant. In April 2014, in response to an email from her supervisor requesting the names of the 2013 lowest ranked employees for inclusion in

the workforce reduction program, Ramsey submitted Plaintiff's name. Subsequently, in August 2014 Defendant terminated Plaintiff.

On August 15, 2016, Plaintiff field this lawsuit alleging Defendant participated in discrimination and retaliation against him (Dkt. #1). On June 30, 2017, Defendant filed its Motion for Summary Judgment (Dkt. #37). Subsequently, Plaintiff filed his response (Dkt. #44) on August 8, 2017, and Defendant filed its reply (Dkt. #48) on August 22, 2017.

**LEGAL STANDARD**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The moving party bears the initial burden of identifying the basis for its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). If the moving party satisfies its burden, the nonmovant must present affirmative evidence showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 257; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs will not suffice to carry this burden. The Court must consider all of the evidence in the light most favorable to the nonmovant, with all reasonable inferences from the evidence made in favor of the nonmovant. *Nola Spice*, 783 F.3d

at 536. However, the Court must "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### I. Discrimination Claim

In Plaintiff's Second Amended Complaint (Dkt. #31), Plaintiff asserts Defendant discriminated against him. Defendant in its Motion for Summary Judgment (Dkt. #37) asks the Court to enter judgment as a matter of law against Plaintiff on his discrimination claim. In Plaintiff's response (Dkt. #44), Plaintiff requests the Court deny Defendant's motion only as it relates to Plaintiff's retaliation claim. (Dkt. #44 at pp 4–5). In other words, Plaintiff abandoned his discrimination claim against Defendant. As such, the Court grants Defendant's Motion for Summary Judgment (Dkt. #37) as it relates to Plaintiff's discrimination claim.

### II. Retaliation Claim

In determining whether a plaintiff has pleaded a viable retaliation claim, the Court applies a modified *McDonnel Douglas* approach.[1] *Yancy v. U.S. Airways, Inc.*, 469 F. App'x 339, 343 (5th Cir. 2012). First, a plaintiff must establish a prima facie case showing that: (1) he participated in a protected activity; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *Id.*; *accord Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 755 (5th Cir. 2005). "If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, non[-]retaliatory reason for its employment decisions." *Id.*; *accord Long v. Eastfield Coll.*, 88 F.3d

---

[1] Claims brought under § 1981 are analyzed under the same analysis as Title VII claims since both require the same proof of liability. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 422 n.1 (5th Cir. 2000); *Mills v. City of Port Arthur, Tex.*, No. 1:05-CV-298, 2006 WL 3531460, at *23 (E.D. Tex. Dec. 4, 2006) (citing *Mayberry v. Mundy Contract Maint. Inc.*, 197 F. App'x 314, 317 (5th Cir. 2006).

300, 304–05. If the employer satisfies its burden, the burden shifts back to the plaintiff who "must show that the adverse employment action would not have occurred 'but for' the protected activity . . . ." *Long*, 88 F.3d at 308; *accord Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2532–33 (2013).

### A. Plaintiff's Prima Facie Case

First, Plaintiff must establish he engaged in a protected activity. An employee engages in a protected activity when he (1) opposed any unlawful employment practice within 42 U.S.C. § 2000e, or (2) has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing involving 42 U.S.C. § 2000e." *Baker*, 430 F.3d at 755. "Complaining to supervisors about racial harassment is a protected activity." *Carrera v. Commercial Coating Servs. Int'l, Ltd.*, 422 F. App'x 334, 339 (5th Cir. 2011).

Here, Defendant argues Plaintiff's complaints could not and did not put Defendant on notice that Plaintiff's concerns correlated with race, and therefore cannot be characterized as legally protected activities. Conversely, Plaintiff asserts his complaints made clear his concerns related to race. Specifically, Plaintiff claims Defendant did not offer him the same opportunities or compensation as his white counterparts. *See* Dkt. #31 at ¶¶ 14–17; Dkt. #44, Exhibit 2 at pp. 10–12, 15. Viewing the evidence in a light most favorable to the Plaintiff, the Court finds Plaintiff provided sufficient evidence to create a fact issue as to whether Plaintiff engaged in a protected activity by complaining to his supervisors about racial harassment. *See Long*, 88 F.3d at 305; *Carrera*, 422 F. App'x 339.

Second, Plaintiff must establish his employer, Defendant, took an adverse employment action against him, the employee. Here, Defendant fired Plaintiff in August of 2014. As such, the

4

Court finds Defendant took adverse employment action against Plaintiff. *See Ramirez v. Gonzales*, 225 F. App'x 203, 209 (5th Cir. 2007).

Third, Plaintiff must demonstrate that a causal connection exists between the protected activity and the adverse employment action. Defendant argues Plaintiff did not engage in protected activities because Plaintiff never put Defendant on notice that his complaints related to racial discrimination. Further, Defendant contends it based its decision to terminate Plaintiff solely on Plaintiff's 2013 performance evaluation results, making any complaints after the evaluation irrelevant to Plaintiff's retaliation claim. Conversely, Plaintiff asserts his complaints dealt specifically with racial discrimination and that claims made after the 2013 performance evaluation are relevant because they contributed to Defendant's choice to terminate him.

In establishing a causal link for a prima facie case, "a plaintiff need not prove that his protected activity was the sole factor in motivating the employer's challenged decision." *Mills*, 2006 WL 3531460, at *24 (citing *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 583 (5th Cir. 2006)). "Rather, a causal link is established when the evidence demonstrates that the employer's decision to take adverse action was based in part on knowledge of the employee's protected activity." *Id.* (citing *Ackel v. Nat'l Commc'n, Inc.*, 339 F.3d 376, 385–86 (5th Cir. 2003)). Stated differently, a causal link is established "when the plaintiff shows that the employment decision and his protected activity were not wholly unrelated." *Id.* (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001)).

Here, Plaintiff states he made numerous complaints to Ramsey based on racial discrimination prior to his 2013 performance evaluation. *See* Dkt. #44, Exhibit 2 at pp. 5, 8–12, 15–16; Dkt. #44, Exhibit 11. Plaintiff's 2013 performance evaluation, which Ramsey conducted, resulted in a score of PA, Plaintiff's lowest rating in ten years. *See* Dkt. #44, Exhibit 6 at p. 3;

5

Dkt. #44, Exhibit 7 at ¶ 4. After the 2013 evaluation, Plaintiff continued making complaints regarding racial discrimination. *See* Dkt. #31 at ¶¶ 15–17; Dkt. #44, Exhibit 2 at pp. 14–15. Further, in an email from Ramsey to her supervisor, Ramsey referenced Plaintiff's "recent complaint" and asked whether she needed to consult Human Resources. (Dkt. #44, Exhibit I). In August 2014, Defendant terminated Plaintiff. Based on this evidence, the Court finds Plaintiff illustrated Defendant's decision and Plaintiff's protected activity are not wholly unrelated, i.e. a causal link exists. Stated differently, Plaintiff created a fact issue as to whether Defendant's decision to terminate him was based in part on knowledge of Plaintiff's protected activity.

As such, the Court finds Plaintiff met his burden in presenting a prima facie case for employment retaliation.

### B. Defendant's Reasoning for its Employment Decisions

Because Plaintiff presented a prima facie case on his retaliation claim, the burden shifts to Defendant to articulate a legitimate, non-retaliatory reason for its employment decisions.

Here, Defendant contends its sole reasoning for terminating Plaintiff resulted from the implementation of its workforce reduction program. According to the workforce reduction program, Defendant based its decision on which employees to terminate by choosing employees with the lowest rankings from the 2013 performance evaluation. Defendant claims Plaintiff received the lowest ranking on the 2013 performance evaluation in the Plano, Texas office. As such, Defendant argues application of the workforce reduction program's objective criteria in conjunction with Plaintiff's 2013 performance resulted in Defendant's choice to terminate Plaintiff. Accordingly, Defendant claims its reasoning is legitimate and non-retaliatory. The Court agrees. *See Baker*, 430 F.3d at 755 (holding Defendant's reduction in force constituted a legitimate

non-retaliatory reason for its employment action). As such, Defendant satisfied its burden, thus shifting the burden back to Plaintiff.

### C. Plaintiff's Ultimate Burden

Because Defendant produced a non-retaliatory reason for its decision to terminate Plaintiff, the burden shifts back to Plaintiff to establish the adverse employment action would not have occurred "but for" the protected activity. *Long*, 88 F.3d at 308. As such, the Court must determine whether reasonable and fair-minded persons could conclude that Defendant would not have terminated Plaintiff but for his protected activities. *Id.* In making this determination, evidence that raises only a weak inference of pretext is insufficient to create a genuine issue of material fact. *Mills*, 2006 WL 3531460, at *27 (citing *Rios v. Rossotti*, 252 F.3d 375, 381 (5th Cir. 2001)).

Here, Plaintiff provides undisputed evidence that his past performance evaluations never fell below AE until 2013, after he began making racial discrimination complaints to Ramsey. *See* Dkt. #44, Exhibit 6 at p. 3; Dkt. #44, Exhibit 7 at ¶ 4. Further, after making such complaints, Plaintiff contends Defendant acted negatively towards Plaintiff claiming his complaints were "just [his] imagination" and that Plaintiff "couldn't be relied on to complete task[s]" and "was basically incompetent." (Dkt. #44, Exhibit 2 at p. 11).

Viewing such evidence in a light most favorable to Plaintiff, the Court finds reasonable and fair-minded persons could conclude Defendant's proffered reasons constituted pretexts for unlawful retaliation, and thus that Plaintiff would not have been terminated "but for" his previous and ongoing complaints to Defendant. *See Long*, 88 F.3d at 308; *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42–43 (5th Cir. 1992).

**CONCLUSION**

It is therefore **ORDERED** that Defendant Hewlett Packard Enterprise Company's Motion for Summary Judgment (Dkt. #37) is hereby **GRANTED IN PART** and **DENIED IN PART**.

As such, Plaintiff's discrimination claim is **DISMISSED WITH PREJUDICE**. However, Plaintiff's retaliation claim shall proceed to trial.

**SIGNED this 17th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE